IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BURRELL REID HALL, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 7:16-cv-00001 |
| | ) By: Elizabeth K. Dillon |
| LARRY T. EDMONDS, WARDEN, *et al.*, | ) United States District Judge |
| Respondents. | ) |

**MEMORANDUM OPINION**

Burrell Reid Hall brings this 28 U.S.C. § 2254 habeas petition challenging his convictions in Alleghany County Circuit Court for involuntary manslaughter and reckless handling of a firearm while hunting. He challenges his convictions on three grounds, only one of which—sufficiency of the evidence—he presented to the Supreme Court of Virginia. That court rejected Hall's sufficiency challenge, and this court finds that the decision was not contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. This court further finds that Hall's remaining claims are procedurally defaulted and that Hall has not demonstrated grounds to excuse his default. Accordingly, the court will grant respondents' motion to dismiss the petition.

I. BACKGROUND

On January 5, 2012, the Alleghany County Circuit Court convicted Hall of involuntary manslaughter and reckless handling of a firearm while hunting.[1] Hall filed several post-

---

[1] The evidence presented at trial showed that Hall shot and killed a fellow hunter, Travis Scott Persinger. After hearing movement in a thicket near the hunters' vehicles, Persinger walked into the brush to "spook" out any deer. Hall waited with his rifle to shoot any deer that moved into the adjacent area. Shortly thereafter, Hall shot at

conviction motions to dismiss or set aside the verdicts, each of which the trial court denied. (Va. Cir. Ct. Crim. R. 94–114, Dkt. No. 12.) He then appealed to the Virginia Court of Appeals claiming that the trial court erred by (1) denying his motion to set aside the verdict and grant a new trial for jury misconduct, (2) allowing the joinder of his involuntary manslaughter and reckless handling of a firearm charges with his subsequent charge of hunting under the influence,[2] (3) denying his motion to suppress his blood evidence, (4) refusing to admit the results of the victim's blood test, and (5) denying his motion to dismiss for insufficient evidence. (Va. Ct. App. R., Pet. 4–5, Dkt. No. 13.) The appeals court, in an order dated December 12, 2012, found no errors or abuses of discretion by the trial court, and concluded that the jury had sufficient evidence to find Hall guilty of involuntary manslaughter and reckless handling of a firearm while hunting. (Va. Ct. App. R. 64.)

Although Hall informed his trial attorney that he wished to exhaust all available appeals, his attorney did not appeal to the Supreme Court of Virginia.[3] Instead, Hall's attorney sent him a letter after the expiration of the deadline for filing an appeal explaining that Hall had the option to file a petition for a writ of habeas corpus in state court alleging ineffective assistance at trial. (Va. Cir. Ct. Civ. R., Pet. 6, Dkt. No. 12.) Upon Hall's inquiry as to the availability of additional direct appeals, his trial attorney failed to mention a belated appeal to the Supreme Court of Virginia, and explained that "we are not aware of a basis to challenge your incarceration on habeas grounds." (*Id.*) As a result, Hall did not file a direct appeal.

---

what he believed to be a deer, instead striking and killing Persinger, who had moved from the thicket into Hall's line of fire. Blood tests revealed that Hall had THC in his system at the time.

[2] The jury found Hall not guilty of hunting under the influence.

[3] One of Hall's trial attorneys withdrew from representation on October 31, 2012, on the ground that he was appointed judge of Virginia's Twenty-Fifth Judicial District. (Va. Ct. App. R. 58.) His co-counsel from the same firm continued representation through Hall's appeal to the Virginia Court of Appeals. (*Id.* at 59.)

On March 31, 2014, Hall timely filed a habeas petition with the Alleghany County Circuit Court, alleging ineffective assistance of counsel as to both pre-trial preparation and on appeal. The court determined that Hall's trial counsel failed to provide effective assistance on appeal and ordered the Commonwealth to petition the Supreme Court of Virginia for Hall's right to seek a delayed appeal. (Va. Cir. Ct. Civ. R., Order 9.)

Hall, through appellate counsel, appealed to the Supreme Court of Virginia, claiming only that

> [t]he Court of Appeals erred in affirming the trial court's denial of Hall's motion to strike (and motion to set aside) the charges of involuntary manslaughter and reckless handling of a firearm, where the evidence was plainly insufficient to prove Hall committed those offenses, or that he acted in a criminally negligent manner with a wanton and culpable disregard of human life.

(Va. R. 58, Dkt. No. 14.) The court denied Hall's appeal on January 13, 2015, and dismissed his subsequent petition for rehearing as "late."

Hall now challenges his conviction in this court, alleging that:

> I. The trial court erred as a matter of law when it denied the appellant's motion to dismiss the involuntary manslaughter charge for insufficient evidence.
>
> . . . .
>
> II. The trial court erred as a matter of law in denying the appellant's motion to set aside the verdict and grant a new trial, based upon [juror] misconduct.
>
> . . . .
>
> III. Ineffective assistance of counsel and procedural errors violated due process and created a fundamental miscarriage of justice.

(Pet. 1, 22, 58, Dkt. No. 1-1.) Because he failed to present the last two claims to the Supreme Court of Virginia, and has not offered evidence to excuse his procedural default, the court will dismiss them as barred from federal habeas review. The court also rejects Hall's claim challenging the sufficiency of the evidence, concluding that the state-court decision was not

contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts.

## II. DISCUSSION

**A. Exhaustion of Claims**

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). "Although a petitioner need not 'cite book and verse on the federal constitution' in order to satisfy the exhaustion requirement, the federal claim nevertheless must be 'fairly presented' to the state court." *Id.* at 289 (internal citation omitted) (quoting *Picard v. Conner*, 404 U.S. 270, 278, 275 (1971)). Fair presentation requires that the federal claim "'be presented face-up and squarely . . . . Oblique references which hint that a theory may be lurking in the woodwork will not' suffice." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (quoting *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994)). Rather, "both the operative facts and the 'controlling legal principles' must be presented to the state court." *Id.* (quoting *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)). Thus, in state court, the petitioner must identify the facts thought to support such a violation, and to explain how those facts establish a violation of his constitutional rights. *Mallory*, 27 F.3d at 994.

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1986)). In Virginia, a claim is procedurally barred and defaulted when a prisoner fails to bring his specific challenge "within two years from the date of final

4

judgment in the trial court, or within one year from [the] final disposition of the direct appeal in state court." Va. Code Ann. § 8.01-654(A)(2). The procedural bar, while satisfying exhaustion, also "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." *Baker*, 220 F.3d at 288 (quoting *Gray*, 518 U.S. at 162).

However, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish cause, a petitioner must identify "some objective factor external to [his] defense" that impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must then show prejudice by demonstrating that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 494. The "miscarriage of justice" exception is a narrow one, requiring a habeas petitioner to demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id.* at 496.

### 1. *Juror Misconduct*

Hall argues that the jurors at his trial engaged in misconduct during their deliberation by conducting an unauthorized experiment involving the rifle and scope that Hall used on the day of the hunting accident. (Pet. 22.) He alleges that jurors removed the rifle from the jury deliberation room, took turns viewing a Christmas light on a tree located an unknown distance from the window, and, based on this experiment, determined that Hall should have been able to clearly identify his target. (*Id.* at 22–23.) Both the circuit court and court of appeals denied Hall's motion to set aside the verdict on this ground.

5
Case 7:16-cv-00001-EKD-RSB   Document 15   Filed 08/10/16   Page 5 of 13   Pageid#: 217

In his petition to this court, Hall states that the decision by the Virginia Court of Appeals, which concluded that the jury did not engage in misconduct, "exhausted the point on direct appeal." (Pet. 26.) In order to have fully exhausted the claim, however, Hall must have presented the issue to the Supreme Court of Virginia. Although Hall appealed his conviction to the Supreme Court of Virginia, he did not raise the issue of juror misconduct and thus failed to exhaust this claim before seeking review in this court. Moreover, because the statute of limitations for Hall to raise the claim in state court has expired, it is now procedurally defaulted.[4] Va. Code Ann. § 8.01-654(A)(2).

Hall could obtain federal review by showing either cause and prejudice or a miscarriage of justice, but he has failed to allege facts establishing either ground for excusing his default. He does not provide any cause as to why he did not raise the issue on appeal to the Supreme Court of Virginia,[5] or any facts that would identify prejudice resulting from his default. Hall simply states that the "*probability* of prejudice to the accused flowing from the jury's consideration of the 'results' of their 'experiment' is undeniable." (Pet. 27 (emphasis added).) To show prejudice, however, a petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Murray*, 477 U.S. at 494. As Hall cannot identify any cause, and has not alleged any prejudice

---

[4] Even if the statute of limitations had not expired, Hall could not now raise the issue of juror misconduct in a state habeas petition. *See Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). Because Hall had the opportunity for direct appeal and could have presented his juror misconduct claim to the Supreme Court of Virginia, he may not attack the issue by habeas corpus. *See id.* at 682 ("A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes . . . .").

[5] Respondents correctly note that even if Hall wanted to allege ineffective assistance of counsel as cause for his failure to exhaust, he would first need to bring the claim in a state-court habeas proceeding. *See Murray*, 477 U.S. at 488–89 ("[W]e think that the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."). Additionally, though Hall's appellate counsel did not raise all of the issues presented at the Virginia Court of Appeals, "[e]ffective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit." *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008). Thus, it is unlikely an ineffective assistance of counsel claim would provide cause even if Hall had first presented the issue in state court.

other than the mere "probability" that the alleged misconduct affected the jury's verdict, his claim fails the cause and prejudice test. Furthermore, he has not alleged that he suffered a miscarriage of justice. Accordingly, the court finds that this claim is barred from federal habeas review and therefore dismisses it.

### 2. Ineffective Assistance of Counsel

Hall alleges that the ineffective assistance of his appellate counsel prevented him from timely filing a petition for rehearing after the Supreme Court of Virginia denied his petition for appeal, and asks this court to grant him a new trial. (Pet. 58–60.) He claims that his attorney failed to inform him of both the option to file a petition for rehearing with the Supreme Court of Virginia and the deadline for such a petition. (*Id.* at 58.) Proceeding without his appellate counsel, Hall mistakenly relied on Virginia Supreme Court Rule 5:20(b)(2) instead of the appropriate rule, 5:20(b)(1).[6] (*Id.* at 58–59.) As such, the court denied his petition for rehearing as "late." (Va. R. 84.)

Like his juror misconduct claim, Hall did not present his claim of ineffective assistance to the Supreme Court of Virginia and thus failed to exhaust it in state court.[7] Further, the statute of limitations for Hall to file a state habeas petition has expired, which means his claim is now procedurally defaulted. Va. Code Ann. § 8.01-654(A)(2).

---

[6] Hall cites an outdated version of the Rules of the Supreme Court of Virginia in his petition, but the issue remains the same: Rule 5:20(b)(2) provides 30 days to petitioners who file pursuant to the court's original jurisdiction; whereas Rule 5:20(b)(1) provides only 14 days to those filing petitions for rehearing after a direct appeal.

[7] Hall begins this section of his petition by asserting that he "exhausted [his] last option to appeal at the state level by filing a Habeas Corpus petition in the Circuit Court of Alleghany County" (Pet. 58), yet nothing in the record suggests that he filed any habeas petition in state court other than the successful ineffective assistance claim that led to his belated appeal to the Supreme Court of Virginia. Because his current claim stems from a separate incident involving his appellate counsel, Hall must have presented and exhausted this new issue in state court before seeking this court's review.

Moreover, Hall cannot show cause and prejudice to excuse his default. While he provides reasons for his untimely filing to the Supreme Court of Virginia, Hall fails to allege any cause as to why he did not raise his ineffective assistance of counsel claim in state-court habeas proceedings. Even if he had cause for circumventing the state habeas process, Hall does not point to any evidence that the Supreme Court of Virginia would have granted his petition for rehearing. Consequently, Hall has not established prejudice by showing that the error worked to his actual and substantial disadvantage.

Hall claims that "[c]onstitutionally defective counsel is a ground for habeas relief as a fundamental miscarriage of justice." (Pet. 60.) The court finds several errors in this assertion as it applies to Hall. First, a "fundamental miscarriage of justice" requires a constitutional violation, but no federal constitutional right to counsel exists for discretionary review in state courts. *Ross v. Moffitt*, 417 U.S. 600, 619 (1974). Therefore, when the alleged ineffective assistance occurs during a petition for rehearing, it does not result in a fundamental miscarriage of justice. Second, such an injustice would require evidence that the violation "has probably resulted in the conviction of one who is *actually innocent*" of the substantive offense. *Murray*, 477 at 496 (emphasis added). Hall has failed to show that a Supreme Court of Virginia rehearing on his sufficiency of the evidence claim would "probably" have resulted in the finding that he is "actually innocent" of involuntary manslaughter. As with his juror misconduct claim, Hall relies only on the factual allegations and evidence presented throughout his appeal process. Without new information, it is unlikely that the Supreme Court of Virginia would have reversed his conviction on rehearing.

Because Hall cannot satisfy the cause and prejudice test, or point to a fundamental miscarriage of justice, the court will dismiss his ineffective assistance of counsel claim as procedurally defaulted.

**B. Sufficiency of the Evidence**

Hall contends that the evidence presented at trial did not support his conviction of involuntary manslaughter and asks the court to reverse the jury's verdict. (Pet. 6.) On appeal, the Virginia Court of Appeals rejected Hall's sufficiency of the evidence claim, concluding that a reasonable jury could have found him guilty. *Hall v. Commonwealth*, No. 0759-12-3, slip op. at *7 (Va. Ct. App. Dec. 12, 2012) (available at (Va. Ct. App. R. 64–72)). Hall appealed to the Supreme Court of Virginia, which denied his direct appeal without discussion.[8] (Va. Ct. App. R. 83.) The court therefore finds that Hall exhausted this issue on appeal and reviews his claim on the merits.

When reviewing a claim adjudicated on the merits by a state court, a federal court may grant habeas relief only if the state court proceedings (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1)–(2). A state court decision is considered contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law or if the state court decides a case differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529

---

[8] By denying Hall's appeal on direct review, the Supreme Court of Virginia, in effect, adjudicated his claim regarding the sufficiency of the evidence. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders . . . rejecting the same claim rest upon the same ground.").

9

U.S. 362, 412–13 (2000). A decision unreasonably applies clearly established federal law if the state court identifies the correct legal principle, but unreasonably applies it to the facts of the case. *Id.* at 413. Thus, the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record, *Bell v. Jarvis*, 236 F.3d 149, 159 (4th Cir. 2000), and must give deference to the findings of fact made by both the trial and appellate courts, *Howard v. Moore*, 131 F.3d 399, 406 (4th Cir. 1997) (citing *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981)). The federal court does not weigh the evidence or consider the credibility of witnesses. *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)).

The Virginia Court of Appeals summarized the evidence in Hall's trial as follows:

> [Hall] gave a statement in which he said he was eating lunch with several other hunters when he heard a deer "jump" in the nearby woods. The victim volunteered "to go down the road and cut through, drive [the deer] through the thicket part." [Hall] retrieved his rifle, and he testified he "heard" the victim "coming [through the thicket] when [he] looked down through the woods." He stated he saw a deer starting to exit the thicket and enter the woods. [Hall] stated he saw "sunshine off a horn on [the deer's] head. I put my gun up and I saw horns, I went down to brown and I touched the trigger." [Hall] insisted he did not

just see movement before he shot. He indicated he was puzzled as to how he shot
the victim, opining that the victim must have been behind the deer and he missed
the deer with the shot, accidently shooting the victim. The victim wore
camouflage and did not have any items of blaze orange on. [Hall] acknowledged
that he knew the victim was wearing camouflage and wore no blaze orange.

Evidence was presented that it was a clear, sunny day when [Hall] shot the
victim, [Hall] used a scope with a six times magnification when taking aim, and
he shot the victim from a distance of about fifty-six yards. In addition, analysis of
a blood sample taken from [Hall] about six hours after the incident showed [Hall]
had .004 mg/l of THC in his blood. An expert in the field of toxicology testified
THC is a component of marijuana and that the level of THC in [Hall's] body
would have been higher than .004 mg/l at the time of the shooting. The expert
testified that generally, the effects of THC are seen when the THC levels in the
blood are .002 mg/l or higher. He stated that THC causes a person to become
careless, make poor decisions, and have trouble concentrating. He testified
marijuana use also causes red eyes and dry mouth. Officer Angle, who
interviewed [Hall] after the incident, testified he noticed [Hall] licked his lips as if
he had dry lips and his eyes were glassy and bloodshot.

Captain Bobby Mawyer, a hunting safety expert with the Department of
Game and Inland Fisheries, testified that a hunter should identify his target area,
i.e., whether it is an animal, and be sure of that entire area and what lies beyond it.
He stated hunters should not shoot at "color" or "noise." He also emphasized that
a hunter should always be aware of the location of a hunting companion.

*Hall*, slip op. at *7.

As he has done throughout the appeal process, Hall reasserts his original argument that he was not under the influence at the time of the incident, and that he identified his target before shooting. (Pet. 1.) In so doing, he relies heavily on the jury's finding of "not guilty" as to his charge of hunting under the influence. (*Id.* at 2.) Because he was not intoxicated, Hall claims, "no other action can be reasonably interpreted by a legal finder of fact as being wanton, willful, or criminally negligent under the requirements set forth by Virginia State Law."[9] (*Id.*)

---

[9] The Court of Appeals defined involuntary manslaughter as

the accidental killing of a person, contrary to the intention of the parties, during the prosecution of
an unlawful, but not felonious, act, or during the improper performance of some lawful act. The
"improper" performance of the lawful act, to constitute involuntary manslaughter, must amount to
an unlawful commission of such lawful act, not merely a negligent performance. The negligence
must be criminal negligence. The accidental killing must be the proximate result of a lawful act

After considering all the facts and circumstances of the case, however, the Virginia Court of Appeals determined that the evidence was sufficient to prove beyond a reasonable doubt that Hall acted "in a criminally negligent manner, with a wanton and culpable disregard of human life." *Hall*, slip op. at *8. As support, the court identified several aspects of the evidence presented that could have led a jury to such a finding. *Id.* For example, even though the jury found him not guilty of hunting under the influence, Hall had THC in his system at the time of the shooting, which could have led to poor decision making. The court also noted that Hall had a duty to "properly identify his target and *everything in the area* prior to firing his firearm." *Id.* (emphasis added) (citing *Lawson*, 547 S.E.2d at 518). Thus, the fact that the victim was not wearing blaze orange or that Hall claims he saw antlers does not necessarily excuse Hall from his duty as a hunter.

The court concludes, after viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could have found the essential elements of involuntary manslaughter beyond a reasonable doubt. Accordingly, the court finds that the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. Therefore, the court dismisses Hall's sufficiency of the evidence claim.

---

> performed in a manner "so gross, wanton, and culpable as to show a reckless disregard of human life."

*Hall*, slip op. at *6 (quoting *Lawson v. Commonwealth*, 547 S.E.2d 513, 516 (Va. Ct. App. 2001)). The court went on to state:

> Gross negligence is culpable or criminal when accompanied by acts of commission or omission of a wanton or willful nature, showing a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with knowledge of, the probable results of his acts.

*Id.* (quoting *Lawson*, 547 S.E.2d at 516–17) (internal quotations omitted).

## III. CONCLUSION

For the foregoing reasons, the court grants respondents' motion to dismiss and dismisses Hall's § 2254 petition.

Entered: August 10, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge